IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) ) ) | CASE NO. 8:07CV94 |
| **Plaintiff,** | ) ) | |
| vs. | ) ) | MEMORANDUM AND ORDER |
| **JAISANKAR MARIMUTHU,** | ) ) ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's motion to appoint counsel (Filing No. 66). The motion was not accompanied by a certificate of service, as required, and the Clerk issued a deficiency notice allowing the Defendant until November 12, 2009, to remedy the omission. The motion will be denied on the merits.

No statutory or constitutional right supports the appointment of counsel in a civil case. *Phillips v. Jasper County Jail,* 437 F.3d 791, 794 (8th Cir. 2006). A court may appoint counsel in a civil case under 28 U.S.C. § 1915 if circumstances support the appointment. *Id.* Section 1915 is not limited to prisoner lawsuits. *Powell v. Hoover,* 956 F. Supp. 564, (M.D. Pa. 1997). The factors for consideration include the complexity of the issues and the applicant's ability to investigate necessary facts. *Phillips,* 437 F.3d at 794.

In this case, Marimuthu was served with the complaint on January 29, 2009. (Filing No. 48.) He failed to answer the complaint. On October 15, 2009, the Clerk entered default against him. Only then did he move for appointed counsel. His request was supported by a general statement that he is indigent; no affidavit was presented. These circumstances do not support the appointment of counsel.

Accordingly,

IT IS ORDERED that the Defendant's motion to appoint counsel (Filing No. 66) is denied.

DATED this 10th day of November, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge